IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                             CRIMINAL CASE NO. 4:18-CR-106-SA-JMV

FREDERICK MATTHEWS

ORDER

On August 23, 2018, Fredrick Matthews was indicted for conduct stemming from an April 8, 2018, traffic stop in Cleveland, Mississippi. Now before the Court is the Defendant's Motion in Limine [30] regarding the $4,857 seized from the Defendant's person during the traffic stop and the Defendant's Motion in Limine [31] regarding the body-cam video recorded during the traffic stop.

*Factual Background*

On April 8, 2018, at 2:38 A.M. the Cleveland Police Department received a call from Dorothy Rose, a security guard for Dodge's Chicken Store, stating that two men were involved in an altercation outside of Dodge's Chicken Store and that they were talking about a shooting. At 2:39 A.M., dispatch called back for more information because the call was disconnected. During the second call, Dorothy Rose informed dispatch that while she did not see a gun, she heard one of the individuals tell another to "put the gun down." She believed that the individual with the gun was in a white Pontiac and indicated that the vehicle was parked at pump four.

When the vehicle began to drive away, Dorothy Rose informed dispatch that the vehicle was headed towards Highway 61. The responding officer, Officer Tharp, located the white Pontiac and proceeded to follow behind the vehicle. Dorothy Rose stayed on the phone to confirm the patrol car was behind the vehicle she identified at Dodge's. After Officer Tharp pulled over the

white Pontiac, Dorothy Rose confirmed the officer pulled over the correct vehicle and stated that she did not know where the other individual went.

After Officer Tharp initiated the stop, Officer Harvey arrived on scene and asked the Defendant if any weapons were in the vehicle. The Defendant indicated that his weapon was beneath him under the passenger seat. Officer Harvey asked all four subjects to exit the vehicle and searched the vehicle. The search revealed firearms and drugs. Officer Harvey then searched the Defendant and discovered ninety pills, which tests revealed to contain methamphetamine, and $4,857 in cash on the Defendant's person.

During the search, Officer Harvey was wearing a body camera that recorded the encounter. The video reveals Officer Harvey alluding to a potential car chase between himself and the Defendant on a previous date and suggesting that the Defendant avoided arrest during said car chase. Officer Harvey can be heard requesting permission to place the Defendant in his patrol car.

*Legal Standard*

"A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an intrusion by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *O'Rear v. Ruehauf Corp.*, 554 F. 2d 1303, 1306 n. 1 (5th Cir. 1977). "The purpose of motions in limine is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify specific issues which are likely to arise at trial, and which, due to their complexity or potential prejudicial nature, are best addressed in the context of a motion in limine." *Maggette v. BL Dev. Corp.*, No. 2:07-CV-181-MPM, 2011 WL 2134578, *4 (N.D. Miss. May 27, 2011).

*Motion in Limine regarding the $4,857 [30]*

The Defendant's first Motion in Limine [30] seeks to prohibit the Government from drawing a causal connection from the $4,857 as evidence of the Defendant's intent to distribute or possess contraband. In support of his position, the Defendant asserts that "the Mississippi State Court found that said monies did [not] have any connection to the possession or sale of contraband, and ordered the Cleveland Police Department to return said monies to Defendant, Frederick Matthews."

At the hearing on this Motion held on December 13, 2018, the Defendant provided a copy of the Bolivar County Court Order. Contrary to the Defendant's assertion, the order shows that the County Court ordered the return of the $4,857 to the Defendant because the city of Cleveland failed to obtain a seizure warrant within seventy-two hours of seizing the cash, as required by Mississippi Code § 41-29-153(f)(1). Therefore, the Bolivar County Court did not make a finding on the merits regarding the $4,857, but instead made its finding based merely on a statute of limitation.

While the Defendant has provided no authority in support of his position, this issue is well-settled in the Fifth Circuit. For example, intent to distribute "may be inferred from the presence of distribution paraphernalia, large quantities of cash, or the value and quality of the substance." *United States v. Cardenas*, 9 F. 3d 1139, 1158 (5th Cir. 1993). Additionally, the Fifth Circuit held in *United States v. Munoz*, 957 F. 2d 171, 174 (5th Cir. 1992), that it was reasonable for the jury to infer Munoz possessed the cocaine for distribution purposes after he was found with a very high grade of cocaine, suitable for further dilution, and that he carried this cocaine along with $1,000. Finally, the Fifth Circuit has determined that "[f]irearms are 'tools of the trade' of those engaged in illegal drug activities." *United States v. Aguilera-Zapata*, 901 F. 2d 1209, 1215 (5th Cir. 1992).

In gauging the relevance, or lack thereof, of potential evidence, the question before the Court is whether such evidence "has any tendency to make a fact more or less probable than it would be without the evidence," and secondly, whether that "fact is of consequence in determining the action." FED. R. EVID. 401(a) and (b). Given the Fifth Circuit authority regarding this issue, the large amount of cash found on the Defendant's person, coupled with the possession of a firearm, lends to the reasonable conclusion that the pills seized were for distribution purposes. Therefore, the $4,857 is relevant to the Defendant's intent to possessor or distribute contraband and the Defendant's Motion in Limine [30] is denied.

*Motion in Limine regarding the body-cam video [31]*

In his second Motion in Limine [31], the Defendant requests that the body cam footage be prohibited due to its prejudicial nature. At the hearing on this matter held on December 13, 2018, the Government conceded the Motion, but reserves the right to discuss the content of the body camera video if the Defendant opens the door at trial pursuant to Rule 404 of the Federal Rules of Evidence. To the extent the Defendant requests the Court to enforce the Federal Rules of Evidence, the Motion [31] is granted within these parameters.

*Conclusion*

For the foregoing reasons, the Defendant's Motion [30] is DENIED. The Defendant's Motion [31] is GRANTED.

SO ORDERED, this, the 11th day of January, 2019.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE